## J-Mark, Inc. v. Post

*Donald L. Phillips,* for plaintiff.
*Robert L. McCullough,* for defendants.

PFADT, *J.,* May 7, 1982—Plaintiff seeks summary judgment relying on admissions by defendant produced by the failure to comply with Pa.R.C.P. 4014(b) "Requests for Admissions." Plaintiff's request for admissions is dated March 13, 1980. The request states:

"1. Do you admit that you have wilfully and intentionally not responded to the Interrogatories propounded to you and served upon you by regular mail on January 16, 1981 and if so set forth the reason for non-response.

2. Do you admit that you are indebted to the plaintiff in the amount of $887.08?

3. Do you admit that you have no defenses to the law suit filed at the above-captioned number and term and if so set forth with particular the response to the Interrogatory substantiating those defenses."

Plaintiff moved for summary judgment on July 9, 1981, and defendant's answers to plaintiff's request for admissions was docketed on July 21, 1981. The court, however, must deny plaintiff's motion since the requests clearly range beyond the limits of discovery.

Under Rule 4014, the violation of the time period for a response creates an admission which can be modified only by leave of court. While defendant has not sought such leave, 4014(d) grants the court a limited supervisory power for the use of the admissions under certain circumstances.

"(d) Any matter admitted under this rule is con-

clusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 212 governing pre-trial conferences, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. . . ."

Impliedly, this means to limit the offensive use of admissions where the case at trial and the cause of justice will be ill-served by a mechanical application of the rule.

Herein, the proposed requests totally undercut the judicial process by substantively foreclosing all avenues of defendant's pleading and proof in the prosecution of this action. Plaintiff confuses the abstract notion of evidence subject to discovery with the existence of liability itself which results from the operation of our jurisprudence upon the evidence adduced. Whether question three above produces "evidence" in any form may be seriously doubted.

Rule 4014 notes that it is limited to ". . . the truth of any matters within the scope of Rule 4003.1 through 4003.5." The policy inherent in Rule 4014—to expedite the production and authentication of evidence not controverted by the litigants— is itself limited to items discoverable under the Rules. This limitation is for

". . . discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, includ-

ing the existence, description, nature, content, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Rule 4003.1, "Scope of Discovery Generally."

Defenses may be curtailed—their element lost by admissions—damages may be identified and even the underlying elements of liability all but foreclosed from production by a creative use of admissions. However, the ultimate issue to be resolved by the court and factfinder is the viability of the defenses alleged under the admissible evidence. The admissions themselves cannot preclude the legally abstract notion of a defense. Thus, the court concludes that question three above: "Do you admit that you have no defenses to the lawsuit . . ." is not seeking "evidence" but rather a legal conclusion falling outside the scope of the discovery rules. Plaintiff by this glib request seeks to totally subserve the legal process within this rule. The court cannot permit this to occur.

However, the court does note that request number two may be effective for the limited purpose of foreclosing defendant's attempt to contest the amount of indebtedness, should no defense prevail at the trial of the action. The court further notes that the attempt to procure counsel fees as a result of defendant's alleged dilatoriness raises questions of fact not satisfactorily answered by the request for admissions question one. An appropriate order shall be entered.

## ORDER

And now, May 7, 1982, it is hereby ordered and decreed that plaintiff's motion for summary judgment is denied.